1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JIKIRI BAUTISTA, an individual, ARI SILVA, an individual ,

                    Plaintiffs,

      v.

WFS EXPRESS, a Delaware corporation, CONSOLIDATED AVIATION SERVICES, a New York corporation,

                   Defendants.

No.

NOTICE OF REMOVAL

(King County Superior Court, No. 18-2-10625-7 SEA)

15

16

17

18

19

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, defendants WFS Express and Worldwide Flight Services as a successor in interest to Consolidated Aviation Services, ("Defendants"), hereby remove to the United States District Court for the Western District of Washington the above-captioned lawsuit, originally filed as Case No. 18-2-10625-7 SEA in the Superior Court of Washington for King County.

20

Removal is proper on the following grounds:

21

**The Class Action Fairness Act**

22

23

24

25

26

27

1.      Congress passed the Class Action Fairness Act ("CAFA") in February 2005 to expand federal court jurisdiction over class actions.  Courts should read CAFA's provisions broadly, with a strong preference that federal courts hear interstate class actions, if properly removed.  *See* S. Rep. No. 109-14, at 43 (2005).  Congress passed CAFA with the intent "that the named plaintiff(s) should bear the burden of demonstrating that a case should be remanded to state court."  *Id*.; *see also* H. Rep. No. 108-144, at 37-39 (2003); H. Rep. No. 109-7 (2005).

NOTICE OF REMOVAL - 1
4814-5576-3046v.1 0050033-000342

1

2.      Pursuant to CAFA, when the number of putative class members exceeds 100, this Court has original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A), (d)(5)(B).

3.      This action satisfies all requirements for removal under CAFA.  CAFA permits a district court to decline jurisdiction of a properly-removed case only if it satisfies the requirements of 28 U.S.C. § 1332(d)(3) or § 1332(d)(4).  Neither provision applies here, as neither corporate defendant is incorporated in or has its principal place of business in Washington.

## Removal Is Timely

1.      Plaintiffs filed this action on or about April 24, 2018.

2.      Plaintiffs first served Defendants with a copy of the Complaint on April 26, 2018.  This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendants are filing the notice of removal within thirty days after completion of service.

## This Is a Proposed "Class Action"

1.      Plaintiffs bring this case as a class action, Compl. ¶ 28, and seek certification of a class under Washington Superior Court Civil Rule 23. *Id*.  This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action."

## Plaintiffs Propose a Class of More than 100 Persons

1.      Plaintiffs claim Defendants failed to pay them for all time worked in violation of RCW 49.52.050(2), which prohibits an employer from, "[w]ilfully and with intent to deprive the employee of any part of his or her wages, ... pay[ing] any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract."

NOTICE OF REMOVAL - 2
4814-5576-3046v.1 0050033-000342

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    Compl. ¶ 38.  Plaintiffs further assert claims under RCW 49.12 and WAC 296-126-092,

2    alleging that Defendants failed to properly provide them with meal and rest breaks.  Compl. ¶

3    40, 42.

4         2.         Plaintiffs assert these causes of action on behalf of themselves and the following

5    proposed Classes:

6                    All hourly employees of the Defendants in the State of Washington
                     whose timekeeping records reflect alterations or changes to self-reported
7                    labor time in a manner which reduces the labor time for which they were
                     paid.
8                    *******

9                    All hourly employees of the Defendants in the State of Washington
                     whose timekeeping records reflect they worked more than five
10                   consecutive hours and were not provided a thirty-minute meal break
                     between the second and fifth working hour and/or worked more
11                   than three consecutive hours and were not provided a ten-minute
                     rest break.
12

13   Compl. ¶ 28.  Although Defendants deny any employees were denied proper wages or meal and

14   rest breaks as a result of their conduct, business records confirm that Plaintiffs' allegations

15   place at issue Defendants' alleged conduct with respect to at least 135 individuals who are

16   currently employed by Defendants as non-exempt employees in Washington.  This does not

17   include former employees who were employed during the putative class period.  Further, the

18   Complaint states that the "proposed classes consist of *__at least__* seventy members. (emphasis

19   added)."  Compl. ¶ 30.  Defendants' business records confirm (and Plaintiffs don't appear to

20   dispute) that the number of persons in the proposed Class therefore exceeds 100.  28 U.S.C.

21   § 1332(d)(5)(B).

22            **The Amount in Controversy Exceeds $5,000,000**

23        1.         "In any class action, the claims of the individual class members shall be

24   aggregated to determine whether the matter in controversy exceeds the sum or value of

25   $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).  Calculating the amount

26   in controversy as 28 U.S.C. § 1332(d)(6) requires, this is an "action in which the matter in

27   controversy exceeds the sum or value of $5,000,000."  28 U.S.C. § 1332(d)(2).  Where a

NOTICE OF REMOVAL - 3
4814-5576-3046v.1 0050033-000342

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    plaintiff fails to plead a specific amount of damages and the amount in controversy is not

2    "facially apparent" from the complaint, "the court may consider facts in the removal" notice to

3    determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)

4    (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 113 F.3d 373, 377 (9th Cir. 1997)).

5         2.    Plaintiffs seek to recover, among other relief, lost wages resulting from an

6    alleged failure to pay wages and provide for meal and rest breaks. Compl. ¶¶ 41. Plaintiffs do

7    not specify the basis for this relief, nor do they allege a specific amount in controversy.

8    Plaintiffs also seek to recover double damages pursuant to RCW 49.52.070 as well as attorney

9    fees and costs. *Id.*

10        3.    "[A] defendant's notice of removal need include only a plausible allegation that

11   the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the

12   amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions,

13   the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct.

14   547, 554 (2014); *see also* LCR 101(a) (requiring statement of reasons for defendant's "good

15   faith belief that the plaintiff is seeking damages in excess of the jurisdictional amount"). In

16   determining the amount in controversy, the Court should include the amount of penalties or

17   multipliers, such as double damages, and any attorneys' fees and costs claimed, aggregated on

18   a class-wide basis. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th

19   Cir. 2000) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998);

20   *Davenport v. Mut. Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963)).

21        4.    Here, the putative class encompasses employees who are paid an average of

22   $16.46 per hour. If 135 employees (the putative class size is likely to be larger) allege two

23   hours of unpaid time per day (missed meal period, missed rest breaks and under-reported time),

24   the claims here put more than $5,000,000 in dispute. [135 putative class members x 16.46 x 5

25   work days x 52 work weeks x 2 hours per day x three year statute of limitations period =

26   $3,466,476]. Given the double damages Plaintiffs request under RCW 49.52.070, the potential

27   for some of the lost wages to be calculated as overtime and attorneys' fees and costs, claimed

NOTICE OF REMOVAL - 4
4814-5576-3046v.1 0050033-000342

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    damages in this matter could easily exceed the $5,000,000 threshold.  *See* Compl. ¶ 41.

2        5.    Given that Plaintiffs seek (1) damages on behalf of at least 135 putative class

3    members, (2) double damages, and (3) attorneys' fees and costs, Defendants believe Plaintiffs

4    have placed more than $5 million in controversy.  *See* CR 101(a) (requiring explanation of

5    "good faith belief" as to amount in controversy).

6                            **Diversity Exists**

7        1.    Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a

8    class action in which "any member of a class of plaintiffs is a citizen of a State different from

9    any defendant."

10       2.    WFS Express is a Delaware corporation with its principal place of business in

11   New York.  Compl. ¶ 6.  It is therefore a citizen of Delaware and New York.  28 U.S.C.

12   § 1332(c)(1).

13       3.    Consolidated Aviation Services merged with Worldwide Flight Services in April

14   2017.  Compl. ¶ 9.  Worldwide Flight Services is a Delaware corporation with its principal

15   place of business in New York.  It is therefore also a citizen of Delaware and New York.  28

16   U.S.C. § 1332(c)(1).

17       4.    The Complaint seeks certification of a class of all persons employed as hourly

18   employees by Defendants in the state of Washington. Compl. ¶ 28.  Based on that class

19   definition, almost all of the putative class members are likely to be citizens of Washington

20   State.  Defendants WFS Express and Worldwide Flight Services/Consolidated Aviation

21   Services are citizens of a state other than Washington.  This case therefore satisfies the

22   diversity requirements of 28 U.S.C. § 1332(d)(2)(A), granting federal jurisdiction over civil

23   actions in which "any member of a class of plaintiffs is a citizen of a State different from any

24   defendant."

25                    **The Exceptions to Jurisdiction Do Not Apply**

26       1.    The exceptions to jurisdiction set forth in 28 U.S.C. §§ 1332(d)(3) and (4) do

27   not apply because neither of the Defendants is a citizen of the state of Washington.  *See* 28

NOTICE OF REMOVAL - 5
4814-5576-3046v.1 0050033-000342

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    U.S.C. § 1332(d)(3), (4).

2                              **Intradistrict Assignment**

3        1.       This action is properly removed to the Seattle Division of the Western District

4    of Washington.  Under LCR 3(d), cases where the claims arose in King County are properly

5    assigned to a judge to Seattle.  Here, Plaintiffs allege they worked for Defendants in King

6    County and they reside in King County.  Compl. ¶ 4, 5, 13.  For these reasons, Defendants have

7    properly removed this case to the Seattle Division.  *See* LCR 101(e).

8              **Defendants Have Satisfied the Remaining Procedural Requirements**

9        1.       The United States District Court for the Western District of Washington is the

10   federal judicial district embracing King County Superior Court, where the suit was originally

11   filed.  28 U.S.C. § 128(b).  Seattle is the proper division or location for the matter.  LCR 3(d).

12       2.       19.     A copy of the original Complaint in this action is attached as **Exhibit A**,

13   pursuant to LCR 101(b).  Copies of all documents filed in the King County action, including all

14   process, pleadings, and orders served on Defendants in this action, are attached as **Exhibit B**,

15   pursuant to 28 U.S.C. § 1446(a).  Defendants will separately file a Verification of State Court

16   Records and Proceedings pursuant to Local Civil Rule 101(b).

17       3.       20.     Promptly after filing the Notice of Removal, Defendants will give

18   written notice to Plaintiffs' counsel and will file a copy of this Notice with the Clerk of the

19   King County Superior Court, pursuant to 28 U.S.C. § 1446(d).

20       Wherefore, Defendants hereby remove this action from the Superior Court of

21   Washington for King County.

22       DATED this 25th day of May, 2018.

23                                          Davis Wright Tremaine LLP
                                            Attorneys for WFS Express and Worldwide
24                                          Flight Services as a Succesor in Interest to
                                            Consolidated Aviation Services
25

26                                          By */s/ Paula Lehmann*
                                               */s/ Katie Rosen*
27                                          Paula Lehmann, WSBA #20678

NOTICE OF REMOVAL - 6
4814-5576-3046v.1 0050033-000342

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Katie Rosen, WSBA #29465
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
P: (206) 757-8134
F: (206) 757-7134
E-mail: paulalehmann@dwt.com
        katierosen@dwt.com

NOTICE OF REMOVAL - 7
4814-5576-3046v.1 0050033-000342

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

2

**DECLARATION OF SERVICE**

3      I hereby declare under penalty of perjury under the laws of the State of Washington,

4  that on May 25, 2018, I electronically filed the above named documents with the Clerk of the

5  Court using the CM/ECF system and will send notification of such filings to the following:

6      Duncan C. Turner
       Badgley Mullins Turner PLLC
7      19929 Ballinger Way NE, Suite 200
       Seattle, WA 98155
8      P: (206) 621-6566
       dturner@badgleymullins.com
9

10     Abel M. Tsegga
       Abel M. Tsegga PLLC
11     144 Railroad Avenue, Ste. 308
       Edmonds, WA 98020
12     P: (206) 697-4878
       abel@tglawgrp.com
13

14

15     DATED this 25th day of May, 2018.

16

17                                          _s/Valerie Macan_____
                                            Valerie S. Macan
18                                          Davis Wright Tremaine
                                            1201 3rd Avenue, Ste. 2200
19                                          Seattle, WA 98101
                                             P: 206-757-8089
20                                           F: 206-757-7700
                                             ValerieMacan@dwt.com
21

22

23

24

25

26

27

NOTICE OF REMOVAL - 8
4814-5576-3046v.1 0050033-000342

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax