The Honorable Ricardo S. Martinez
Noted for: January 29, 2021

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JIKIRI BAUTISTA, an individual, ARI SILVA, an individual;

        Plaintiff,

v.

WFS EXPRESS, a Delaware corporation, CONSOLIDATED AVIATION SERVICES, a New York corporation;

        Defendants.

NO. 2:18-cv-00757 RSM

DECLARATION OF DUNCAN C. TURNER IN SUPPORT OF STIPULATED MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

Duncan C. Turner declares and states:

1. I am lead counsel for the plaintiff in this action. I am making this declaration in support of the Stipulated Motion for Certification of Settlement Class and for Preliminary Approval of Class Action Settlement (the "Stipulated Motion"). I have personal knowledge of the matters stated herein and am competent to testify as to the same.

2. The action was filed in King County Superior Court on April 25, 2018, and then removed to federal court on May 25, 2018. At the parties' request, the Court repeatedly modified its scheduling orders to allow time for additional documentary discovery and analysis. Beginning in June 2019, the Parties began efforts to coordinate a mediation in hopes of resolving the

DECLARATION OF DUNCAN TURNER IN SUPPORT OF STIPULATED MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 1

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

dispute. The Parties agreed to mediate with Judge Steve Scott, ret. The mediation was originally set for October 23, 2019 but was eventually re-scheduled to February 10, 2020. On February 10, 2020, the Parties participated in a six-hour mediation session with Judge Scott but were unable to reach resolution. Following the unsuccessful mediation, counsels for the Parties continued their discovery and settlement efforts, and a Conditional Settlement Agreement was signed on January 8, 2021. *See* Exhibit One, attached hereto.

3. The settlement negotiations were at all times adversarial, non-collusive, and at arm's length. I believe the settlement is fair, reasonable, adequate, and in the best interests of the settlement class, which consists of approximately 943 current and former non-exempt employees of Defendants.

4. One aspect of evaluating and investigating this case is consideration of the alternative of the class members pursuing individual actions. A primary consideration was whether a substantial portion of the class would actually pursue their claims, and certain demographic factors of the class suggested that this was unlikely. For those who did pursue their claims, the process would likely be highly inefficient. For a large number of individual lawyers to research, brief, and oppose the complex preemption defense in individual proceedings, I estimate that over 100 hours would be required. Even for counsel that understand and have briefed the common legal issues, mounting and presenting each case would require an estimated 45 to 50 hours of attorney and paralegal time. On the other side, the defense costs would likely be commensurate. I believe both sides recognize the inefficiency that this would present in the instant case.

DECLARATION OF DUNCAN TURNER IN SUPPORT OF STIPULATED MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 2

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

5.  To determine the size of the class members, the Plaintiffs sought, and Defendant provided the relevant timekeeping records from which can be derived the identity of class members, their regular and overtime hourly wages, and the number of missed or deducted meal periods.

6.  Under the terms of the Settlement Agreement, the Defendants agreed to pay Six Hundred and Fifteen Thousand Dollars (the "Gross Settlement Fund"). The Gross Settlement Fund represents the negotiated value for missed meal periods, deducted meal periods, meal periods outside the hourly periods prescribed by statute, and missed rest periods. The negotiated value takes into account the risk that the Plaintiffs would not recover damages for missed rest periods, due to a lack of supporting documentary evidence. In addition, the negotiated value also takes into account the risk that Defendants could demonstrate that employees did in fact receive their proper meal periods through testimonial evidence, and that the electronic timekeeping records were incorrect or incomplete. Finally, the settlement also reflects that the Defendants assert that employees would recover nothing for their claims, and would oppose class certification. For these reasons, the proposed settlement of $615,000.00 is a reasonable, negotiated settlement value.

7.  The class size, according to the Defendants' timekeeping records, consists of 943 claimants (past and current hourly employees at Defendants' Seattle-Tacoma International Airport facility.)[1] The Gross Settlement Fund represents the monetary value of missed and deducted meal periods (approx. $466,000), with additional contributions for attorney's fees,

---

[1] *See* Parties' proposed class definition for detailed description of factual qualifications for class members. Exhibit One, ¶1.1.

DECLARATION OF DUNCAN TURNER IN SUPPORT OF STIPULATED MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 3

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

litigation costs, and incentive awards. It is expected that employees will receive approximately 90.3% percent of their regular and overtime hourly wages for missed and deducted meal periods.

8. The average recovery (before allocation for attorney's fees and costs) to employees is approximately $448.17. The range between the lowest and highest recovery will be determined by the number of missed and deducted meal periods reflected on their individual timekeeping records. Administration costs will be paid by the Defendants. The Settlement Agreement provides that, should ten percent (10%) or more of the class members opt out of the Class, Defendants shall have the option of terminating the settlement.

9. We are seeking appointment of Badgley Mullins Turner PLLC and the Law Office of Abel M. Tsegga, PLLC as class counsel.  Mr. Tsegga has filed a separate declaration regarding his background and qualification.  Those of me and my firm are described below.

10. I am the managing member of Badgley Mullins Turner PLLC, counsel of record in this matter, and I have served in that position for over 14 years.  Prior to joining my current firm, I was an attorney with the Bogle & Gates law firm in Seattle.

11. I am admitted to practice before this court and am a member in good standing of the bars of the State of Washington and (in an inactive status) the State of Mississippi.  I am also admitted to practice in the Eastern District of Washington; the District of Colorado; the U.S. Court of Federal Claims; the U.S. Courts of Appeal for the Fifth, Ninth, and Federal Circuits; the U.S. Tax Court; and the Court of International Trade.  I have been "AV" rated by my peers in Martindale Hubbell in every year in which I have been eligible (approximately 20 years).  I was selected as a Washington "Super Lawyer" by Thomson Reuters in the years 2014, 2015 and 2016.

DECLARATION OF DUNCAN TURNER IN SUPPORT OF STIPULATED MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 4

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

12. I received my undergraduate degree (Bachelor of Science) from the United States Military Academy at West Point, N.Y., in 1974. I received a Juris Doctor degree (Magna Cum Laude) from the University of Mississippi in 1990 and concurrently was awarded a Master of Business Administration degree.

13. Badgley Mullins Turner PLLC ("BMT") is a Seattle-based law firm with a broad practice that focuses on complex civil and commercial litigation with an emphasis on business disputes, employment claims, antitrust litigation, and intellectual property litigation. BMT has recent experience acting as co-counsel in the following class actions/putative class actions and shareholder derivative cases:

| | | |
|---|---|---|
| Eicher v. Advantage OPCO et al | Western Dist. Washington | 2016 |
| Hussein et al v. Air Serv Corporation | Western Dist. Washington | 2016 |
| Hufune et al v. Bags, Inc. | Western Dist. Washington | 2016 |
| Abdi v. Avis Budget Group, Inc. et al | Western Dist. Washington | 2016 |
| Jesse et al v. DAL Global, Inc. | Western Dist. Washington | 2016 |
| Ogawa et al v. Dufry AG et al | Western Dist. Washington | 2016 |
| Jama et al v. GCA Services Group, Inc. | Western Dist. Washington | 2016 |
| Jama et al v. Golden Gate America LLC | Western Dist. Washington | 2016 |
| Hirsi v. The Hertz Corporation | Western Dist. Washington | 2016 |
| Nugussie et al v. HMS Host North America et al | Western Dist. Washington | 2016 |
| Muse v. Huntleigh USA Corporation | Western Dist. Washington | 2016 |
| Ali et al v. Menzies et al | Western Dist. Washington | 2016 |
| Abdi et al v. Prospect International Services Corp. | Western Dist. Washington | 2016 |

DECLARATION OF DUNCAN TURNER IN SUPPORT OF STIPULATED MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 5

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

| | | |
|---|---|---|
| Allen, et al. v. Flight Services & Systems, Inc. | Western Dist. Washington | 2016 |
| Ahmed et al v. Aircraft Service International Group et al | King County, Washington | 2016 |
| Ali et al v. ATZ, Inc. et al | King County, Washington | 2016 |
| Ahmed v. Fox Rent-A-Car, Inc. | King County, Washington | 2016 |
| Ali v. Consolidated Aviation Services, Inc., | King County, Washington | 2016 |
| Judd et al v. Swissport USA, Inc. | King County, Washington | 2016 |
| Israel v. Diamond Parking Svc., Inc. | Western Dist. Washington | 2016 |
| DesJardins v. USHEALTH Advisors, LLC | Western Dist. Washington | 2016 |
| Emerson v. Premera Blue Cross | Western Dist. Washington | 2015 |
| Barovic v. Ballmer (Microsoft) | Western Dist. Washington | 2014 |
| Bessent v. Lee (L&L Energy) | King County, Washington | 2013 |
| Rinky Dink, Inc. v. Electronic Merchant Sytems, Inc. | Western Dist. Washington | 2013 |
| Weinstein v. Kirkman | Western Dist. Washington | 2013 |
| Simpson v. Inter-con Security Systems, Inc. | Western Dist. Washington | 2012 |
| Judd v. AT&T, Inc. | King County, Washington | 2012 |
| In re Soda Co. Derivative Litigation | King County, Washington | 2007 |

14. To date, BMT has incurred more than 418 labor hours prosecuting this matter. This work includes conducting documentary discovery, contacting putative class members, responding to Defendants' discovery requests, analyzing Defendants' documentation and timekeeping records, and participating in settlement discussions.  BMT is prepared to continue to

DECLARATION OF DUNCAN TURNER IN SUPPORT OF STIPULATED MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 6

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

make the requisite investments of time, talent and money to ensure a competent and professional prosecution of the instant case.

15. Defendants have agreed to retain a third-party Claims Administrators and to bear all of the costs of administering the class settlement

16. Plaintiffs seek a modest incentive award of $4,000 each. Although the Plaintiffs were not deposed, their contributions were substantial. Their willingness to serve in this capacity established a settlement fund in which many of their fellow workers will receive compensation.

17. I have attached to this declaration as Exhibit Two a true and correct copy of the proposed notice to class members.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED this 29th day of January, 2021 at Seattle, Washington

*/s/ Duncan C. Turner*_____
Duncan C. Turner, WSBA # 20597

DECLARATION OF DUNCAN TURNER IN SUPPORT OF STIPULATED MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT - 7

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686