# Exhibit 1

# CONDITIONAL SETTLEMENT AGREEMENT

This Conditional Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiffs Jikiri Bautista and Ari Silva, individually and as representatives of the Putative Class Members , (hereinafter, "Employees") and Defendant WFS Express, Inc., and Worldwide Flight Services, Inc.  (hereinafter, "Employer"), collectively referred to below as the "Parties."

The Parties have entered into this Agreement to resolve and settle the matter of *Bautista v. WFS Express, Inc*., No. 2:18-cv-00757 RSM, pending in United States District Court for the Western District of Washington in Seattle, WA (hereinafter, the "Lawsuit"). The Agreement is binding and effective once it is fully executed and the form of the Agreement is approved by the Court and the judgment approving the settlement has become final, following the expiration of the time to appeal, or the resolution of any appeals ("Effective Date"). The rights and obligations set forth in this document are for the purpose of conclusively resolving and settling all claims, disputes and controversies between Employer and Employees arising from alleged violations of Washington State's wage and hour laws and regulations (as set forth in chapters 49.12, 49.46, 49.48, and 49.52 of the Revised Code of Washington and chapter 296-126 of the Washington Administrative Code) during the relevant period.  The Parties expressly understand and agree that this Conditional Settlement Agreement is subject to Court approval.

## ARTICLE I – PRELIMINARY STIPULATIONS

The Parties stipulate to the following for purposes of this Agreement:

Section 1.1  As used in this Agreement, "Employees" consist of persons who qualify as Putative Class Members as defined below:

> All hourly employees at Employers' Sea-Tac International Airport ("STIA") facility who worked on the Amazon contract during the period between May 15, 2016 and November 21, 2020, and who have not disclaimed in sworn testimony experiencing missed meal or rest periods.

Section 1.2  Employer denies any and all alleged violations of the law, and any and all liability for the claims of Employees alleged in the Lawsuit or otherwise.

Section 1.3  The terms of this Agreement are the product of arms-length negotiations between the Parties hereto, and the Parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed.

Section 1.4  Employer and Employees stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any violation of the law or contract or any other legal obligation whatsoever. This Agreement is entered into by Employer and Employees solely to

|  |  |
|---|---|
| | avoid the expenses and uncertainties of litigation and represents the compromise of disputed claims. |
| Section 1.5 | For purposes of this Agreement only, Employer conditionally stipulates to certification of a settlement class consisting of Employees. The stipulation to certify the settlement class is contingent upon final approval of the settlement by the Court and is made for settlement purposes only. It is not an admission that this case is appropriate for class treatment.  If the settlement is not approved by the Court or does not become final for any other reason, the Parties agree that the settlement class certification is void and that Employer retains the right to object to certification of the class should the Lawsuit proceed. |
| Section 1.6 | The Parties relied on payroll data and information provided by Employer when calculating the Conditional Settlement Payment described in Section 2.1 below. Employer attests to the accuracy of said information provided for purposes of this Agreement. |
| Section 1.7 | The term "relevant period" as used in this Agreement, is defined as covering the period between May 15, 2016 to November 21, 2020. |
| Section 1.8 | Plaintiffs' counsel represents that they are not representing other potential class members who will not be covered by this settlement. |

## ARTICLE II – CONSIDERATION

|  |  |
|---|---|
| Section 2.1 | The total consideration offered by Employer, in full and final settlement of all claims and requested relief, is not to exceed Six Hundred and Fifteen Thousand Dollars and Zero Cents ($615,000.00) ("Conditional Settlement Payment"), inclusive of any interest, contributions, statutory or regulatory damages, incentive awards, attorney's fees and costs, and exclusive of payroll taxes. Distribution of the Conditional Settlement Payment to Employees will be subject to Employees' counsel's allocation. The Employer also agrees to pay any and all payroll taxes that become due for its payment of the Conditional Settlement. Attorney's fees and settlement class representative incentive awards shall be set by the Court upon Employees' counsel's motion and shall be paid out of the Conditional Settlement Payment amount.  The effectiveness of the settlement is not conditioned on any particular amounts of attorney fees or incentive awards being awarded. Employer will not object to or oppose incentive awards for the named Plaintiffs Jikiri Bautista and Ari Silva, of up to Four Thousand Dollars and Zero Cents ($4,000.00) each. Employer will not object to or oppose an attorney's fee request of up to One Hundred and Fifty-Three Thousand Seven Hundred and Fifty Dollars and Zero Cents ($153,750.00), or for costs to be paid out of the Conditional Settlement Payment amount. |
| Section 2.2 | If the Parties identify more than 5 individuals qualified as a settlement class member whose payroll data was not considered in negotiating the Conditional |

Settlement Payment, the Parties shall make provisions to increase the Conditional Settlement Payment to include any additional pro rata settlement amounts applicable to the aforementioned individuals. Conversely, if the Parties identify more than five individuals qualified as settlement class members in error, the Parties shall make provisions to decrease the Conditional Settlement Payment accordingly.

### ARTICLE III – TERMS OF SETTLEMENT

Section 3.1   Employer shall select and retain a third-party Administrator to serve as Claims Administrator, who will establish a qualified settlement fund, administer the settlement, and handle the withholding and remittance of payroll taxes, payments to the class members, and tax reporting. Employer will pay the cost of this third-party Administrator.

Section 3.2   The Parties agree that the basis for pro rata distributions of meal period damages will be the number of allegedly missed meal breaks, as reflected on produced timekeeping data; and break period damages will be distributed according to the total number of days each Class Member worked during the Relevant Period.

Section 3.3   Employees' counsel shall prepare formal documents to effectuate the settlement and dismissal of this matter, subject to input from Employer and Court approval. Employees and Employer agree to present the settlement terms to the Court by stipulation, which shall include this Agreement and the settlement notice as exhibits. Consistent with this Agreement, the final settlement documents shall provide for a full and complete release as follows:

> Each Putative Class Member who does not chose to opt out of the settlement becomes a Settlement Class Member. Settlement Class Members shall hereby knowingly, voluntarily, and completely release Employer and its predecessors, successors, affiliates, parent companies, insurers, carriers, subcontractors, shareholders, employees, former employees, agents, and any other related party or entity from any and all claims that relate to the Settlement Class Members' compensation, including but not limited to claims for minimum wages, overtime, meal periods, rest breaks, and wage statements or wage records. The released claims are those arising under the Washington Minimum Wage Act, RCW 49.46 *et seq.*, the Washington Wage Rebate Act, RCW 49.52 *et seq.*, the Washington Industrial Welfare Act, RCW 49.12 *et seq.*, and any claim to attorneys' fees and costs based on the claims released in this Paragraph, which were affirmatively asserted or could have been asserted in the Lawsuit ("Released Claims").

The judgment will provide that it covers and bars all Released Claims of the Class Members (excluding those who opt out of the settlement).

Section 3.4 The third-party Administrator shall distribute settlement funds to settlement class members through individual settlement checks. Settlement payments constituting back wages will be subject to payroll taxes and reported on IRS form W-2. Any incentive awards to settlement class representatives shall be paid in the same manner but will be reported on IRS form 1099. Attorney's fees and costs approved by the Court will be paid as a 1099 payment to the Trust Account of Badgley Mullins Turner, PLLC.

Section 3.5 The Parties shall use their best efforts to provide notice to all Employees eligible to participate in the settlement. Employer shall provide Employees' names, last-known addresses, last-known email addresses, and Social Security Numbers, as well as the form of the settlement notice, to the third-party Administrator within 14 days following entry of the Court's preliminary approval order. Notice shall be mailed (and where available by email) by the third-party Administrator to Employees within 30 days following entry of the Court's preliminary approval order. Employees shall have 30 days from the date of mailing to opt out or object to the settlement. Any Employee who wishes to opt out of the settlement must complete and sign a written request for exclusion in a form described in the notice and deliver that request to the third-party Administrator by the deadline. Opt-outs shall receive no settlement benefits under this Agreement, shall not be considered Settlement Class Members, and shall not be bound by any release. Any Employee who wishes to object to the settlement must file a written objection with the Court, with copies to Employees' counsel and Employer's counsel. All objections must be dated and post-marked by the deadline and must set forth, in clear and concise terms, the legal and factual arguments supporting the objection. Any Employee who objects to the settlement will be part of the settlement class unless he or she also follows the proper procedure to opt out of the settlement.

(a) Payments shall be made by the third-party Administrator in an amount determined by Employees' counsel based on an allocation of the Conditional Settlement Payment (net of attorneys' fees, costs and incentive payments) based on data provided by Employer. Payments shall be provided by the Employer to the third-party Administrator within 60 days of the Final Approval Date and Employer's receipt of the final pro rata allocation amounts from Employees' counsel (whichever is later) without any appeals or requests for review of the Court's Settlement Order and Final Judgment being filed, or, if appeals or requests for review have been filed, the time has passed for seeking further review after orders on appeal affirming the Settlement Order and Final Judgment, or review has been denied after exhaustion of all appellate remedies.

Section 3.6 The third-party Administrator shall mail all settlement payments within 30 days of receipt of funds from the Employer. Any and all settlement checks shall become void and expire automatically 120 days after issuance. Employees who have not cashed their checks prior to expiration shall have an additional 245 days to contact the third-party Administrator to obtain a re-issued check. All funds not claimed within 485 days of the issuance of the first check will be paid to the Washington State Unclaimed Property Fund for the benefit of the specific employees who have failed to claim their settlement funds.

Section 3.6    Settlement shall be contingent on no more than 10% of Employees opting out of the settlement. Upon the filing of the opt out notice that exceeds the 10% threshold, Employer, at its sole discretion, shall have 10 days to declare the settlement agreement void or to reopen negotiations.

## ARTICLE IV – MISCELLANEOUS

Section 4.1    If the Court does not approve any aspect of the settlement as set forth herein, the Parties will work in good faith to conform the terms of the Agreement to resolve the Court's objections. If an objection cannot be resolved in a manner sufficient to allow the Court to grant approval, then this Agreement will be deemed void.

Section 4.2    This document contains the entire conditional agreement between the Parties hereto, and supersedes any and all prior agreements or understandings, written or oral, as to the matters covered. No modifications or amendments to any of the terms, conditions, or provisions hereof may be enforced unless evidenced by a subsequent written agreement executed by all Parties hereto.

Section 4.3    The laws of the State of Washington shall govern the validity, construction and enforcement of this Agreement.

[SIGNATURE PAGE TO FOLLOW]

IN WITNESS THEREOF, the Parties hereto have executed this Agreement on the dates set forth in the acknowledgements shown below.

ON BEHALF OF THE PLAINTIFFS AND THE SETTLEMENT CLASS

BADGLEY MULLINS TURNER PLLC

_____
Duncan C. Turner, WSBA #20597
Attorneys for Plaintiffs

1/6/2021
Date

ABEL M. TSEGGA, PLLC

_____
Abel M. Tsegga, WSBA #46349
Attorney for Plaintiffs

_____
Date

CLASS REPRESENTATIVES

_____
Jikiri Bautista
Plaintiff

_____
Date

_____
Ari Silva
Plaintiff

_____
Date

ON BEHALF OF DEFENDANT

WFS EXPRESS, INC.

_____
Signature

Baron T. Oursler
Print Name

SVP (General Counsel) & Assistant Secretary
Title

1/8/21
Date

WORLDWIDE FLIGHT SERVICES, INC.

_____
Signature

Baron T. Oursler
Print Name

SVP (General Counsel) & Assistant Secretary
Title

1/8/21
Date

Conditional Settlement Agreement - 6

IN WITNESS THEREOF, the Parties hereto have executed this Agreement on the dates set forth in the acknowledgements shown below.

| ON BEHALF OF THE PLAINTIFFS AND THE SETTLEMENT CLASS | ON BEHALF OF DEFENDANT |
|---|---|
| **BADGLEY MULLINS TURNER PLLC** | **WFS EXPRESS, INC.** |

_____
Duncan C. Turner, WSBA #20597
**Attorneys for Plaintiffs**

_____
Signature

_____
Date

_____
Print Name

_____
Title

**ABEL M. TSEGGA, PLLC**

*[signature]*

_____
Abel M. Tsegga, WSBA #46349
**Attorney for Plaintiffs**

_____
Date

**WORLDWIDE FLIGHT SERVICES, INC.**

01/06/2021
Date

_____
Signature

**CLASS REPRESENTATIVES**

_____
Print Name

_____
Jikiri Bautista
**Plaintiff**

_____
Title

_____
Date

_____
Date

_____
Ari Silva
**Plaintiff**

_____
Date

Conditional Settlement Agreement - 6

IN WITNESS THEREOF, the Parties hereto have executed this Agreement on the dates set forth in the acknowledgements shown below.

| ON BEHALF OF THE PLAINTIFFS AND THE SETTLEMENT CLASS | ON BEHALF OF DEFENDANT |
|---|---|
| **BADGLEY MULLINS TURNER PLLC** | **WFS EXPRESS, INC.** |

_____
Duncan C. Turner, WSBA #20597
**Attorneys for Plaintiffs**

Signature

Date

Print Name

Title

**ABEL M. TSEGGA, PLLC**

Date

_____
Abel M. Tsegga, WSBA #46349
**Attorney for Plaintiffs**

**WORLDWIDE FLIGHT SERVICES, INC.**

Date

Signature

Print Name

CLASS REPRESENTATIVES

Title

*[signature]*
Jikiri Bautista
**Plaintiff**

Date

01/06/2021
Date

*[signature]*
Ari Silva
**Plaintiff**

01/06/2021
Date

Conditional Settlement Agreement - 6