# Exhibit 2

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JIKIRI BAUTISTA, an individual, ARI SILVA, an individual; | )<br>)<br>)   Case No.  2:18-cv-00757 RSM |
|                  Plaintiffs,<br>    v. | )<br>)<br>)<br>) |
| WFS EXPRESS, a Delaware corporation, CONSOLIDATED AVIATION SERVICES, a New York corporation; | )<br>)<br>)<br>)<br>) |
| Defendants.. | ) |

## NOTICE OF CLASS ACTION SETTLEMENT TO THE FOLLOWING SETTLEMENT CLASS:

All hourly employees at Employers' Sea-Tac International Airport ("STIA") facility who worked on the Amazon contract during the period between May 15, 2016 and November 21, 2020, and who have not disclaimed in sworn testimony experiencing missed meal or rest periods.

## PLEASE READ THIS NOTICE CAREFULLY.
## A FEDERAL COURT HAS AUTHORIZED THIS NOTICE.
## THIS IS NOT A SOLICITATION.

As described in more detail below and in the Plaintiffs' Complaint, this class action lawsuit, *Jikiri Bautista v. WFS Express, Inc*., Case No. 2:19-cv-00757-RSM (the "Action"), concerns allegations that WFS Express, Inc., and its predecessor Consolidated Aviation Services, Inc. (collectively, the "Defendants") failed to provide hourly employees at the Seattle-Tacoma International Airport facility who worked on the Amazon contract with prescribed meal and rest periods, as required under Washington State law, and deducted time for meal periods not taken. The Action alleges that Defendants were required to provide a thirty-minute meal period for each shift of five hours or more, and a second thirty-minute meal period on any shift of eleven hours or more. The Action also alleges that Defendants failed to provide a ten-minute rest period for each four-hour shift. Finally, the Action alleges that Defendants deducted time from employees' labor hours for meal periods which did not occur. The Defendants deny these allegations. The Court in charge of this case is the United States District Court for the Western District of Washington. The individuals who sued are called "Plaintiffs" and the entities they sued are called "Defendants."

The Court has preliminarily approved a proposed settlement (the "Settlement") of the Action.  If the Court grants final approval of the Settlement, the Defendants will pay up to $615,000.00 from which the Net Settlement will be allocated to the members of the Settlement Class defined above.  The Settlement would release the Defendants and related entities in this Action from any

and all claims that relate to the Settlement Class Members' compensation, including but not limited to claims for minimum wages, overtime, meal periods, rest breaks, and wage statements or wage records. The released claims are those arising under the Washington Minimum Wage Act, RCW 49.46 *et seq*., the Washington Wage Rebate Act, RCW 49.52 *et seq*., the Washington Industrial Welfare Act, RCW 49.12 *et seq*., and any claim to attorneys' fees and costs based on the claims released in this Paragraph, which were affirmatively asserted or could have been asserted in the Lawsuit ("Released Claims").

This Notice contains summary information with respect to the Settlement.  The terms and conditions of the Settlement are set forth in a Conditional Settlement Agreement ("Settlement Agreement").  Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement.

The Court has scheduled a hearing concerning final approval of the Settlement and Class Counsel's motion for attorneys' fees and expenses.  That hearing, before the Honorable Ricardo S. Martinez is scheduled on _____, 2021 at _____ __.m. in Courtroom _____ at the United States Courthouse, 700 Stewart Street, Seattle, WA 98101.  If approved, the Settlement will bind you as a Member of the Settlement Class unless you object pursuant to the timeline and procedure laid out in this Notice.  You may appear at this hearing, and/or object to the Settlement.  Any objections to the Settlement or the motion for attorneys' fees and expenses must follow the instructions on pages 7-8 of this Notice.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY.  IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS.  YOU ARE NOT BEING SUED IN THIS MATTER.  YOU NEED NOT APPEAR IN COURT, AND YOU DO NOT NEED TO HIRE AN ATTORNEY IN THIS CASE.  IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU DO NOT NEED TO DO ANYTHING.  IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

### Your Legal Rights and Options in this Settlement:

| | |
|---|---|
| **You Can Do Nothing.**<br><br>No Action is Necessary to Receive Payment. | If the Settlement is approved by the Court and you are a Member of the Settlement Class, you will not need to do anything to receive a payment.  You will receive a check in the amount of your share of the Net Settlement.  In exchange, you will release your claims as described above. |
| **You Can Object (by [30 DAYS AFTER NOTICE MAILING] _____, 2021).** | You can write to the Court if you don't like the Settlement. In your objection, you can also ask to speak in Court about the fairness of the Settlement. |
| **You Can Opt Out of the Settlement (by [30 DAYS AFTER NOTICE MAILING] _____, 2021).** | You can opt out by sending a written request to the Claims Administrator. |

Bautista v. WFS Express, Inc.
Notice to Class - 2

These rights and options – **and the deadlines to exercise them –** are explained in this Notice. The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeals. Further information regarding the litigation and this Notice may be obtained by contacting:

**Class Counsel:**

BADGLEY MULLINS TURNER                                    [Administrator Contact Information]
Duncan C. Turner
Mark A. Trivett
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone:  (206) 621-6566
Facsimile:   (206) 621-9686
Email:  duncanturner@badgleymullins.com
          mtrivett@badgleymullins.com


ABEL M. TSEGGA, PLLC
Abel M. Tsegga
PO Box 5246, Lynnwood, WA 98046
144 Railroad Ave., #308
Edmonds, WA 98020
Telephone: 206-697-4878
Email: abel@tglawgrp.com
**Attorney for Plaintiffs**


**STATEMENT OF POTENTIAL OUTCOME OF THE ACTION**

Class Counsel believes that the claims against the Defendants are well-grounded in law and fact, and that the Defendants failed to comply with Washington State's meal and rest period requirements. However, as with any litigated case, the Settlement Class would face an uncertain outcome if the Action were to continue against the Defendants. Continued litigation of the Action could result in a judgment or verdict greater or less than the recovery under the Settlement Agreement, or in no recovery at all. In evaluating the Settlement, Class Counsel has considered the range of possible recoveries if the claims against the Defendants were adjudicated rather than settled.

Class Counsel believes that this Settlement reflects a reasonable compromise in light of the range of possible outcomes. Class Counsel believes that the Settlement is preferable to continued litigation, and is in the best interests of the Class because the Settlement provides certainty to the Settlement Class with respect to the amount of recovery and should result in the recovery

Bautista v. WFS Express, Inc.
Notice to Class - 3

4815-8895-1738v.1 0088772-000002

actually being realized substantially prior to the time it would be were the case successfully litigated to a conclusion.

Throughout this litigation, the Defendants have denied and continue to deny the claims and contentions alleged by Plaintiffs.  Nevertheless, the Defendants have concluded that it is desirable that the Action be fully and finally settled as to it and the other Released Persons on the terms and conditions set forth in the Settlement Agreement.  The Court has not ruled in favor of either side.  Both sides agreed to the Settlement to insure a resolution and avoid the cost and risk of further litigation.

## BASIC INFORMATION

### Why did I get this Notice package?

You have been identified as a member of the Settlement Class defined on page 1 – in other words, you are an individual alleged to have been an hourly employee of the Defendants' at the STIA facility who worked on the Amazon contract who, during the relevant period, may have not received the meal and rest periods prescribed under Washington State law, or whose timekeeping records were altered to reflect meal periods which did not occur. The Court ordered this Notice to be sent to you because, if you fall within that group, you have a right to know about the Settlement and about all of your options before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after any objections and appeals are resolved, the net amount of the Settlement Fund will be allocated among Members of the Settlement Class according to a Court-approved Plan of Allocation.  This Notice package describes the litigation, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### Why is this case a class action?

In a class action, one or more plaintiffs, called "Class Representatives," sue on behalf of a large number of people who have similar claims.  The Class Representatives in the Action, Jikiri Bautista and Ari Silva, were employees of the Defendants during the Class Period, and are referred to in this notice as the "Named Plaintiffs." All of the individuals on whose behalf the Class Representatives are suing are "Class Members."  One court resolves the issues for all Class Members.  In its order setting the Fairness Hearing, the Court preliminarily certified the Settlement Class in the Action.

### Why is there a settlement?

The Court has not reached any final decision in connection with Plaintiffs' claims against the Defendants.  Instead, Plaintiffs and the Defendants have agreed to a Settlement.  In reaching the Settlement, they have avoided the cost, risks, time and disruption of prolonged litigation and trial.  Class Counsel believes that the Settlement is the best option for the Settlement Class

Members.  The reasons they believe this to be so are described above in the section entitled "Statement of Potential Outcome of the Action."

## THE SETTLEMENT BENEFITS - WHAT YOU GET

### What does the Settlement provide?

Upon final approval of the Court, the Defendants will pay up to $615,000.00 for the Settlement, as well as additional sums for payroll taxes. The Net Settlement Amount, after payment of Court-approved attorneys' fees and expenses, will be made payable by check to members of the Settlement Class according to a Plan of Allocation to be approved by the Court if and when the Court enters an order finally approving the Settlement.  The Defendants have agreed to pay all costs of administration, so these costs will not be borne by the Settlement Class.

Settlement Class members will receive a wage payment which represents the number of missed and deducted meal periods reflected on their individual electronic timekeeping records, proportional to missed and deducted meal periods for all Settlement Class Members, and a wage payment reflecting potential missed rest periods during the Class Period. These settlement payments will be paid on a single check, and the amount will be reported on an IRS Form W-2. Defendants have agreed to bear any payroll taxes associated with this payment. You will be solely responsible for the payment of any personal and/or income taxes resulting from or attributable to the payments received under the Settlement.  You should consult a tax preparer if you have any tax-related questions.

The Named Plaintiffs will share in the allocation of the money on the same basis as all other members of the Settlement Class.  Additionally, each of the Named Plaintiffs will petition for a $4,000 service award for his efforts in securing this Settlement on behalf of the Settlement Class.

### How much will my payment be?

The Named Plaintiffs have submitted a proposed Plan of Allocation to the Court.  If this Plan of Allocation is approved, your share of the Settlement Fund will depend on the value of your alleged back wages as calculated by Class Counsel.  Each Class Member's share of the Net Settlement Fund will be determined according to the following formula:

### MEAL PERIOD DAMAGES

**Gross Settlement – Attorneys' Fees and Costs – Service Award to Named Plaintiffs = Net Settlement Fund**

**Net Settlement Fund – Rest Period Settlement Fund ($30,000.00) = Meal Period Settlement Fund**

**Individual Class Members' Instances of Missed Meal Periods For Each Year X Local Regular and Overtime Minimum Wage = Total Individual Missed Meal Period Damages**

**Total Number of Instances of Missed and Deducted Meal Periods for Entire Class for Each Year X Local Minimum Wage for That Year = Class Missed Meal Period Damages**

**Total Individual Missed Meal Period Damages ÷ Class Missed Meal Period Damages = Individual Share of Meal Period Settlement Fund**

**Net Settlement Fund X Individual Share of Meal Period Settlement Fund = Class Member Meal Period Settlement Payment**

## REST PERIOD DAMAGES

**Rest Period Settlement Fund = $30,000.00.**

**Individual Class Members' Shifts Worked During Class Period ÷ Total Number of Class Member Shifts Worked During Class Period = Individual Share of Rest Period Settlement Fund**

**Individual Share of Rest Period Settlement Fund X $30,000.00 = Class Member Rest Period Settlement Payment**

Your share of the Net Settlement Amount may be less than your actual losses, however. **<u>You are not responsible for calculating the amount you may be entitled to receive under the Settlement.</u>** This calculation will be done as part of the Settlement. **<u>Do not worry if you do not have records concerning your work for the Defendants in 2016-2020.</u>** If you are entitled to a share of the Settlement Fund, you will receive a statement from Administrator showing the amount of your share. If you have questions regarding the Settlement or the Plan of Allocation, please contact the counsel listed on page 3 of this notice.

---

| **How can I get a payment?  What happens if I do not cash my payment?** |
| --- |

You do <u>not</u> need to file a claim for recovery. The third-party Administrator, CTE, will send checks to the Settlement Class members who are authorized to receive a payment and who choose to remain in the class, *i.e.* those who do not opt out of the Settlement. Once prepared, the checks if not claimed and negotiated will automatically expire within 120 days. However, any Settlement Class member who fails to claim and/or negotiate their check within the 120-day period shall have an additional 245 days to contact the Administrator and obtain a re-issued check. Any funds not claimed after the combined period of 485 days shall be paid to the Washington State Department of Revenue's Unclaimed Property Fund in your name.

## When would I get my payment?

The Net Settlement Amount will be allocated to the Members of the Settlement Class pursuant to the Plan of Allocation, as soon as possible after final approval has been obtained for the Settlement (which includes exhaustion of any appeals). Any appeal of the final approval may take a year or more. Please be patient.

## Could the Settlement be terminated?

The Settlement Agreement may be terminated on several grounds, including: (1) if the Court does not approve the Settlement or materially modifies it; (2) if more than 10 per cent of the Settlement Class opt out of the settlement; or (3) if the Court's order approving the Settlement is reversed or modified on appeal. The Settlement Agreement describes other conditions in which the Settlement may be terminated. In the event any of these conditions occur, there will be no settlement payment made, and the litigation against the Defendants will resume.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

## Can I exclude myself from the Settlement?

You have the opportunity to exclude yourself or "opt out" of the Settlement. If you elect to opt out, you must advise the Administrator postmarked no later than **[30 DAYS AFTER NOTICE MAILING]**, 2021. If you opt out, you will receive no payments under the Settlement and you will not be bound by the release. Exclusion requests must include your name, current address, and telephone number, and must be signed by you. Include the following statement: "I request to be excluded from the class settlement in *Bautista v. WFS Express, Inc.*, No. 2:18-cv-00757 RSM." The address to send an opt-out notice is [Administrator Address].

If you do not opt-out of the Settlement, you can object to the Settlement and ask the Court not to approve the Settlement. See question "How do I tell the Court that I don't like the Settlement?" below.

## THE LAWYERS REPRESENTING YOU

## Do I have a lawyer in the case?

The Court has preliminarily designated Badgley Mullins Turner, PLLC, and the Law Office of Abel M. Tsegga as Class Counsel for the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

## How will the lawyers be paid?

Class Counsel has pursued this action on a contingent basis and will file a motion for the award of attorney fees and expenses.  This motion will be considered at the Fairness Hearing. Class Counsel will seek attorneys' fees of no more than $153,375.00 and reimbursement of out-of-pocket costs of approximately $32,500.00.  Fees and expenses awarded by the Court will be deducted from the Settlement Amount.

## OBJECTING TO THE SETTLEMENT OR THE ATTORNEYS' FEES

## How do I tell the Court that I don't like the Settlement?

If you are a Member of the Settlement Class, you can object to the Settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve the Settlement.  The Court will consider your views.  To object, you must send a letter or other written filing saying that you object to the Settlement.  Be sure to include the following case caption and notation: "*Bautista v. WFS Express, Inc.*, No. 2:18-cv-00757 RSM." In addition, your objection must also include your name, address, telephone number, signature, and the reasons you object to the Settlement.  **Mail the objection to each of the addresses identified below postmarked no later than [30 DAYS AFTER NOTICE MAILING], 2021.  You must mail your objection by this date.  If you fail to do so, the Court will not consider your objections.**  If you plan to speak at the Fairness Hearing, you must send a Notice of Intention to Appear along with your objection, as described below.

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| **Clerk of the Court U.S. District Court -- WDW 700 Stewart Street Seattle, WA 98101** | **Badgley Mullins Turner, PLLC Attn: Duncan C. Turner 19929 Ballinger Way, Suite 200 Seattle, WA 98155** | **Davis Wright Tremaine LLP Attn: Kathryn S. Rosen 920 Fifth Avenue, Suite 3300 Seattle WA 98104-1610** |

Again, all papers submitted must include the case identifier "No. 2:18-cv-00757 RSM" on the front page.

## THE COURT'S FAIRNESS HEARING

## When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing to decide whether the Settlement is fair, reasonable, and adequate.  You may attend the Fairness Hearing, and you may ask to speak, but

you do not have to attend.  The Court will hold the Fairness Hearing on _____, 2021 at _____ __.m. in Courtroom ___ at the United States Courthouse, 700 Stewart Street, Seattle, WA 98101.  If there are objections, the Court will consider them.  After the Fairness Hearing, the Court will decide whether to approve the Settlement.  The Court will also rule on the motion for attorneys' fees and expenses.

## Do I have to come to the hearing?

No, but you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to voice your objection in person.  As long as you mail your written objection on time, the Court will consider it when determining whether to approve the Settlement as fair, reasonable, and adequate.  You also may pay your own lawyer to attend the Fairness Hearing, but attendance is not necessary.

## May I speak at the hearing?

If you are a Settlement Class Member, you may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Bautista v. WFS Express, Inc.*, No. 2:18-cv-00757 RSM."  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than **[30 DAYS AFTER NOTICE MAILING]**, 2021 and be sent to the Clerk of the Court, Class Counsel, and the Defendants' counsel at the addresses listed above.

## IF YOU DO NOTHING

## What happens if I do nothing at all?

If you do nothing and you are a Settlement Class Member, you will be deemed to have waived your right to litigate your case individually, and you will participate in the Settlement of the Action as described above in this Notice if the Settlement is approved.

## GETTING MORE INFORMATION

## Are there more details about the Settlement?

This Notice summarizes the proposed Settlement.  The complete Settlement is set forth in the Settlement Agreement.  You may obtain a copy of the Settlement Agreement by making a written request to the counsel listed on page 3 above.

**How do I get more information?**

You can contact Class Counsel (see on page 3) for more information regarding the Settlement.  In addition, Class Counsel has established a phone number to receive your comments and questions:(206)-621-6566.